# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:12-CR-00304 |
| v. | (Judge Brann) |
| MARK KANDEL, | |
| Defendant. | |

## MEMORANDUM OPINION

### MAY 7, 2021

Currently pending before the Court is Mark Kandel's motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] Kandel contends that he merits compassionate release due to the COVID-19 pandemic and his particular susceptibility to that virus.[2] The Government opposes the motion on the grounds that Kandel's medical conditions do not constitute extraordinary or compelling reasons to grant release, and the relevant 18 U.S.C. § 3553(a) factors militate against granting release.[3] The Government has also submitted a status report notifying the Court that Kandel has now been fully vaccinated against COVID-19.[4]

---

[1] Doc. 41.
[2] *Id.*
[3] Doc. 44.
[4] Doc. 54.

## I. BACKGROUND

In 2013, Kandel pled guilty, pursuant to a written plea agreement, to online enticement of a minor, in violation of 18 U.S.C. § 2422(b).[5] The guilty plea was accepted, and a Presentence Report (PSR) was prepared. The PSR detailed the facts leading up to Kandel's indictment, and discussed that Kandel had asked minors to provide pictures of themselves in underwear and requested nude photographs, massages, and/or sexual activity in exchange for money and other favors.[6] Although Kandel had only one prior conviction and, thus, had a criminal history category I, his offense level was 41, resulting in an advisory Sentencing Guidelines range of 324 to 405 months' imprisonment.[7] Kandel was ultimately sentenced to a term of 174 months' imprisonment.[8]

In his motion for compassionate release, Kandel asserts that he suffers from several health issues, most notably asthma and sarcoidosis,[9] both of which place him at a higher risk of serious illness or death should he contract COVID-19.[10] The Government responds that Kandel's health conditions do not render him more susceptible to serious illness or death from COVID-19 and, accordingly,

---

[5] Docs. 20, 24.
[6] PSR at 5-10.
[7] PSR at 23-24, 30.
[8] Doc. 35.
[9] "Sarcoidosis is a disease characterized by the growth of tiny collections of inflammatory cells (granulomas) in any part of your body—most commonly the lungs and lymph nodes" and frequently causes lung problems. Mayo Clinic, *Sarcoidosis*, https://www.mayoclinic.org/diseases-conditions/sarcoidosis/symptoms-causes/syc-20350358 (last visited Apr. 28, 2021).
[10] Doc. 41 at 3.

extraordinary and compelling reasons do not support compassionate release.[11] In any event, the Government contends that the relevant § 3553(a) sentencing factors and the danger to that Kandel presents to the public weigh against granting this motion.[12]

Kandel requested a hearing so that he could present evidence and testimony to substantiate his claim that his medical conditions render him particularly vulnerable to serious illness or death should he contract COVID-19.[13] This Court denied his motion, but permitted Kandel to file a supplemental memorandum addressing his medical conditions—or any other factors that he would like the Court to consider—on or before March 29, 2021.[14] That deadline has lapsed, and Kandel did not submit a supplemental memorandum. Accordingly, this matter is now ripe for disposition and, for the following reasons, Kandel's motion will be denied.

## II. DISCUSSION

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization."[15] Congress has provided courts with the authority to modify sentences through its enactment of 18 U.S.C. § 3582(c)(1)(A). That statute permits courts to reduce an inmate's sentence if the inmate has exhausted his administrative remedies[16] and if, as relevant here,

---

[11] Doc. 44 at 25-34.
[12] *Id.* at 34-39.
[13] Doc. 49.
[14] Doc. 53.
[15] *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007).
[16] There is no dispute that Kandel has exhausted his administrative remedies. Doc. 44 at 22-23.

"extraordinary and compelling reasons warrant such a reduction."[17] Courts should also consider the relevant § 3553(a) sentencing factors[18] and whether "the defendant is . . . a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."[19]

Congress has not defined the term "extraordinary and compelling." The Sentencing Guidelines define the term to include a terminal illness, or any non-terminal illness "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."[20] This definition is not, however, authoritative, as "[t]he [Sentencing] Commission has not updated its policy statement to account for the changes imposed by the First Step Act, and the policy statement is now clearly outdated."[21] Thus, while "the Policy Statement provides useful guidance for district courts in assessing a defendant's eligibility for compassionate release, . . . it does not constrain a court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3852(c)(1)(A)."[22] "The burden rests with the defendant to show that a reduction in sentence is proper."[23]

---

[17] 18 U.S.C. § 3582(c)(1)(A)(i).
[18] Id.
[19] U.S. Sentencing Guidelines Manual § 1B1.13(2).
[20] Id. § 1B1.13, cmt. n.1(A).
[21] *United States v. Rodriguez*, 451 F. Supp. 3d 392, 397 (E.D. Pa. 2020).
[22] *United States v. Guzman*, No. 3:16-CR-85, 2020 WL 4515476, at *3 (M.D. Pa. Aug. 5, 2020) (brackets and internal quotation marks omitted).
[23] *United States v. Rengifo*, No. CV 1:13-CR-00131, 2020 WL 4206146, at *2 (M.D. Pa. July 22, 2020).

4

As an initial matter, the Court notes that the existence of COVID-19 cannot alone justify compassionate release. As the United States Court of Appeals for the Third Circuit has explained:

> We do not mean to minimize the risks that COVID-19 poses in the federal prison system, . . . But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.[24]

Thus, to demonstrate extraordinary and compelling reasons for compassionate release, movants must show that they are particularly susceptible to serious illness or death should they contract COVID-19, usually as a result of one or more underlying comorbidities.

The Court concludes that Kandel has not sustained his burden of establishing that extraordinary and compelling reasons weigh in favor of granting compassionate release, despite the existence of underlying medical conditions that may increase his vulnerability to COVID-19. In particular, Kandel's medical records confirm that he suffers from sarcoidosis and asthma, for which he has been prescribed an Albuterol emergency inhaler.[25] At least one study has demonstrated that individuals with sarcoidosis may be at greater risk for severe illness from COVID-19,[26] while the

---

[24] *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).
[25] Doc. 46-5 at 22, 24.
[26] Marisa Wexler, *Patients with Impaired Lung Functions May Have Higher Risk of Severe COVID-19*, SARCOIDOSIS NEWS (Sept. 17, 2020), https://sarcoidosisnews.com/2020/09/17/sarcoidosis-patients-with-lung-function-impairment-may-have-higher-risk-of-severe-covid-19.

Centers for Disease Control and Prevention (CDC) lists moderate to severe asthma as a condition that increases an individual's risk of serious complications from COVID-19.[27] The existence of these conditions would ordinarily lead the Court to conclude that Kandel is at an increased risk of serious illness or death from COVID-19 and, therefore, that extraordinary and compelling reasons permit the Court to grant compassionate release.

Nevertheless, the Court concludes that Kandel's recent vaccination mitigates his risk from COVID-19 to such an extent that COVID-19, in combination with Kandel's underlying conditions, no longer presents an extraordinary and compelling reason to grant compassionate release. Kandel received his second dose of the Pfizer-BioNTech (Pfizer) COVID-19 vaccine on April 13, 2021 and is therefore now fully vaccinated against COVID-19.[28] Although vaccines are not one hundred percent effective, the CDC states that "[c]urrently authorized vaccines in the United States are highly effective at protecting vaccinated people against symptomatic and

---

[27] *See* Centers for Disease Control and Prevention, *Coronavirus Disease 2019, People at Increased Risk, People with Asthma*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html (last visited Apr. 28, 2021). Although there is no indication that Kandel suffers from moderate to severe asthma, the Court assumes for the purposes of this motion that Kandel does suffer from at least moderate asthma. *See United States v. Snyder*, No. 4:19-CR-00200, 2020 WL 5993772, at *2 (M.D. Pa. Oct. 9, 2020) (listing factors indicative of moderate asthma).

[28] Doc. 56 at 1.

severe COVID-19."[29] Vaccines are particularly effective at preventing "severe illness and death."[30]

The Pfizer vaccine, which Kandel has received, has a 95% efficacy rate,[31] and was found with high certainty to prevent symptomatic COVID-19.[32] Although there was limited data on hospitalizations and deaths at the time of the Pfizer clinical trial, the CDC noted that "a vaccine that effectively prevents symptomatic infection is expected to also prevent hospitalizations and deaths."[33] In that vein, during Pfizer's clinical trial, among the 36,523 participants who had no evidence of existing or prior SARS-CoV-2 infection, only 8 individuals who received the vaccine tested positive for COVID-19, only one developed severe symptoms, and none died from COVID-

---

[29] Centers for Disease Control and Prevention, *Coronavirus Disease 2019, Vaccines, Interim Public Health Recommendation for Fully Vaccinated People*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated-guidance.html (updated Apr. 27, 2021).

[30] Centers for Disease Control and Prevention, *Coronavirus Disease 2019, Vaccines, When You've Been Fully Vaccinated*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated.html (updated Apr. 27, 2021).

[31] Centers for Disease Control and Prevention, *Coronavirus Disease 2019, Types of Vaccines Available, Pfizer-BioNTech COVID-19 Vaccine Overview and Safety*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Pfizer-BioNTech.html (updated Apr. 16, 2021).

[32] Centers for Disease Control and Prevention, *Morbidity and Mortality Weekly Report (MMWR), The Advisory Committee on Immunization Practices' Interim Recommendation for Use of Pfizer-BioNTech COVID-19 Vaccine—United States, December 2020*, https://www.cdc.gov/mmwr/volumes/69/wr/mm6950e2.htm?s_cid=mm6950e2_w (last visited Apr. 28, 2021).

[33] *Id.*

19.[34] While new variants of COVID-19 have since emerged, recent studies suggest that the Pfizer vaccine remains effective against these new COVID-19 variants.[35]

Although Kandel's vaccination does not establish that he is one hundred percent protected from COVID-19, that vaccination does provide significant protection from serious illness or death. To that end, the CDC currently recommends that fully vaccinated individuals may visit indoors with other fully vaccinated individuals—or non-vaccinated individuals who are at low risk from COVID-19—without taking precautions such as wearing masks or social distancing.[36] The sum of the available data demonstrates to the Court that, as a result of his vaccination, Kandel now has significant protection against serious illness or death should he contract COVID-19 and, accordingly, the Court concludes that Kandel has not demonstrated that his underlying conditions—in combination with the possibility of a COVID-19 infection—provide extraordinary and compelling reasons to grant his motion for compassionate release.[37]

---

[34] Fernando P. Polack, *et al.*, *Efficacy and Safety of the BNT162b2 mRNA Covid-19 Vaccine*, THE NEW ENGLAND JOURNAL OF MEDICINE (Dec. 10, 2020), https://www.nejm.org/doi/full/10.1056/NEJMoa2034577.

[35] Mark Terry, *Pfizer-BioNTech, Moderna Vaccines Effective Against Variants and More COVID-19 News*, BIOSPACE (Apr. 23, 2021), https://www.biospace.com/article/pfizer-biontech-and-moderna-vaccines-effective-against-variants-and-more-covid-19-news.

[36] Centers for Disease Control and Prevention, *Coronavirus Disease 2019, Vaccines, After You're Fully Vaccinated*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated.html (updated Apr. 27, 2021).

[37] *See United States v. Singh*, No. 4:15-CR-00028-11, 2021 WL 928740, at *3 & n.36 (M.D. Pa. Mar. 11, 2021) (reaching same conclusion and collecting cases).

Consequently, Kandel's motion will be denied. Kandel may file an additional motion for compassionate release should future evidence demonstrate that the Pfizer vaccine is less effective at preventing serious illness or death from COVID-19 than is currently understood, such that Kandel is at a substantial risk of serious illness or death from a COVID-19 infection.

## III. CONCLUSION

For the foregoing reasons, Kandel's motion for compassionate release will be denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge